UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>JAMES BENECKE,<br><br>                    Defendant. | CASE NO. 2:23-cr-00108-LK<br><br>ORDER DENYING MOTION FOR TRAVEL AUTHORIZATION |

This matter comes before the Court on Defendant James Benecke's Motion for Travel Authorization. Dkt. No. 18. Mr. Benecke moves for an order authorizing him to travel by airplane from Alaska to New York in January 2024. *Id.* at 1–2. The Government opposes Mr. Benecke's motion. Dkt. No. 19. The Court denies Mr. Benecke's request.

On July 5, 2023, a federal grand jury indicted Mr. Benecke with two counts of Abusive Sexual Contact in violation of 18 U.S.C. § 2244(b) and 49 U.S.C. § 46506(1) based on his conduct while aboard commercial flights in April and June 2023. Dkt. No. 1 at 1–2. He pleaded not guilty to both counts and was placed on bond with special conditions following a hearing before United States Magistrate Judge S. Kate Vaughan. Dkt. Nos. 12, 14. These special conditions restrict Mr.

ORDER DENYING MOTION FOR TRAVEL AUTHORIZATION - 1

Benecke's travel to the District of Alaska and the Western District of Washington for Court purposes only, and state that "[a]ny plane travel, other than for Court appearances, must be approved by the Court." Dkt. No. 14 at 1. He is also prohibited from "physical contact of any kind with any person in an airport or on a plane" and must be accompanied by a chaperone while flying. *Id.* If he is unable to be accompanied by a chaperone, he "must notify flight staff of the pending charges[] prior to the flight." *Id.* His trial is currently scheduled for May 20, 2024. Dkt. No. 17 at 3.

Mr. Benecke and his wife are members of the United States Army. Dkt. No. 18 at 1. He is stationed in Anchorage, Alaska and his wife is stationed at Fort Drum and lives in Sacketts Harbor, New York. *Id.* at 1–2. The two are planning to attend "a work event at Fort Drum called 'Season of Saint Barbara.'" *Id.* at 2; *see* Dkt. No. 18-1 (description of the event). Mr. Benecke wishes to fly from Alaska to Syracuse, New York on or about January 24, 2024 and to return on or about January 29, 2024. Dkt. No. 18 at 2. He requests this Court's authorization to travel outside of the Districts of Alaska and Western Washington in January of 2024 so that he can adjust his proposed itinerary without separate Court approval. *Id.* Counsel for Mr. Benecke represents that Mr. Benecke intends to fly alone, i.e., without a chaperone, and would therefore "notify the airline of the pending charges to request a seat assignment that would not create a risk of violating the conditions of his appearance bond" when booking travel. *Id.*; *see also* Dkt. No. 20 at 1–2 (stating that "[t]his notification to flight staff presumably will result in Mr. Benecke being assigned to a seat that would ensure the safety of all passengers," and that "Mr. Benecke also understands that in the event the flight staff cannot accommodate appropriate seating arrangements, there is a distinct possibility they may refuse to allow him to travel").

The Government opposes Mr. Benecke's motion in light of the nature and circumstances of the charges against him, and because the travel request is not related to any Court proceeding.

ORDER DENYING MOTION FOR TRAVEL AUTHORIZATION - 2

Dkt. No. 19 at 1–3; *see id.* at 3 (contending that Mr. Benecke is in effect asking the Court "to allow him to return to his preferred location for committing his crimes unaccompanied and unsupervised").

In general, a defendant's release pending trial is made "subject to the least restrictive further condition, or combination of conditions, that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(c)(1)(B). A person ordered released under special conditions may file a motion for amendment of their release conditions. *See id.* §§ 3142(c)(3), 3145(a)(2). In determining whether to grant such a motion, the Court is guided by the factors set forth in 18 U.S.C. § 3142(g): (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including his family ties, financial resources, community ties and past conduct; and (4) the nature and seriousness of the danger to any person or community that would be posed by the person's release. *See United States v. Marasigan*, No. CR 23-00014-001, 2023 WL 4491453, at *2 (D. Guam July 12, 2023).

Here, based on the record before it and after careful consideration of the above-mentioned factors, the Court finds that Mr. Benecke's travel request would present an unwarranted risk to the community. Mr. Benecke was indicted for two counts of Abusive Sexual Contact with teenage victims. Dkt. No. 1 at 1–2. This contact occurred on two separate flights in recent months (April and June 2023). *Id.* As the Government cautions, granting his motion would return him, unsupervised, to "his preferred location for committing his crimes," posing a substantial risk of

//

//

//

//

danger to those around him. Accordingly, the Court DENIES Mr. Benecke's motion, Dkt. No. 18.

Dated this 31st day of October, 2023.

*Lauren King*

Lauren King
United States District Judge